**Wilbur Dennis RICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–01528–CR.**

Court of Appeals of Texas, Dallas.

March 13, 1990.

Rehearing Denied May 15, 1990.

James K. Johnson, Lawrence B. Mitchell, Dallas, for appellant.

Wilbur Dennis Rice, Huntsville, pro se.

Vicki Soloman, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and WHITTINGTON, JJ.

## OPINION

### PER CURIAM.

Wilbur Dennis Rice appeals his conviction for aggravated sexual assault. Punishment was assessed at ninety-nine years imprisonment and a $10,000 fine.

Appellant's attorney has filed a brief in which appellant's attorney has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no meritorious grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex.Crim.App.1978); *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App.1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim.App.1969). Appellant's attorney asserted one arguable point of error. A copy of counsel's brief has been delivered to appellant and appellant has been advised that he would be given the opportunity to examine the appellate record and that he had a right to file a pro se brief. Appellant has filed a pro se brief. We affirm.

### FACTS

Appellant pled guilty to the alleged offense of aggravated sexual assault. The indictment alleged that on or about October 5, 1985, appellant knowingly and intentionally caused his sexual organ to penetrate the mouth of a child younger than fourteen years of age. Appellant elected to have a jury assess his punishment. At the trial on punishment, during the State's case in chief, the State introduced evidence that complainant was appellant's stepdaughter and that appellant began petting complainant and having her pet him when the girl was eight. Complainant testified that the petting occurred every couple days. When complainant was approximately ten years old, appellant forced her to fellate him. The girl testified that this would occur every day and sometimes more than once a day. Complainant testified that when she was approximately thirteen, appellant began having vaginal intercourse with her; however, she said that this would not occur very often because she would run away. The incident alleged in the indictment occurred when complainant was thirteen. Having no prior felony convictions, appellant applied for probation. The jury sentenced appellant to ninety-nine years imprisonment and assessed a fine of $10,000.

### COUNSEL'S POINT OF ERROR

Appellant's counsel, in his *Anders* brief, asserted one arguable point of error. Counsel argued that the introduction of the extraneous offenses would ordinarily be inadmissible but concluded that *Boutwell v. State*, 719 S.W.2d 164 (Tex.Crim.App.1985), created a narrow exception where the alleged offenses occur between the defendant and the same minor complainant; therefore, the extraneous offenses were admissible and no reversible error was present.

The issues before the Court are (1) whether the extraneous sexual offenses against complainant are relevant to a material issue in the case and, assuming they are relevant, (2) whether their probative value substantially outweighs the danger of unfair prejudice. *Murphy v. State*, 777 S.W.2d 44, 48 (Tex.Crim.App.1988); *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App.1983); Tex.R.Crim.Evid. 402 & 403. However, as explained by the Texas Court of Criminal Appeals, the admissibility of evidence at the punishment phase is a function of policy rather than relevancy and that is because, by and large, there are no discreet factual issues at the punishment stage. *Miller-El v. State*, 782 S.W.2d 892, 895–96 (Tex.Crim.App.1990).

█ Although we recognize that *Boutwell* addresses the admissibility of extraneous offenses in the context of the guilt/innocence stage of the trial and that the admissibility of extraneous offenses at the punishment phase is guided by a somewhat different standard, as explained above, we hold that the rationale underlying *Boutwell* applies with equal force in the punishment phase of trial. We hold that during the punishment phase of the trial, as a matter

of policy, the trial court properly admitted the extraneous sexual offenses against complainant in order to show the relationship between appellant and complainant and in order to place the parties and the events in their proper context. Just as we cannot expect the jury, in a case where the issue of a defendant's guilt is strongly contested, to be capable of properly evaluating the defendant's guilt or innocence on the basis of one alleged offense in a vacuum, *see Boutwell*, 719 S.W.2d at 175, we cannot expect the jury to properly judge the extent of appellant's crime against a minor complainant on the basis of one offense in a vacuum. The jury is entitled to have the parties and events placed in their proper context. Accordingly, on the issue of punishment, we hold that appellant's extraneous sexual offenses against complainant were relevant, and, given the heinous nature of appellant's offense, we hold that the probative value of the extraneous sexual offenses outweigh the danger of unfair prejudice. Counsel's point of error is overruled.

### APPELLANT'S PRO SE POINT OF ERROR

In appellant's brief, he asserts that he was denied the effective assistance of counsel. As stated by the United States Supreme Court, the standard for determining whether representation was ineffective is as follows:

> [T]he proper standard for attorney performance is that of reasonably effective assistance.... When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.

*Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in

light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.... [T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690, 104 S.Ct. at 2066. If counsel makes unprofessional errors, *Strickland* provides a further test for determining whether prejudice or reversible error resulted from those errors:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 694, 104 S.Ct. at 2068. The Texas Court of Criminal Appeals adopted this standard in *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex.Crim.App.1986).

Appellant asserts that he entered a plea of guilty on the advice of counsel with the expectation of receiving probation. Appellant further alleges that he did not take the stand during the punishment phase on the advice of counsel. ·Appellant complains that he told his attorney that the complaining witness lied, but his attorney was uninterested and did nothing to expose these lies. Appellant contends that the sole cause of his being in prison was his attorney's ineffective assistance. In an appendix to his brief, appellant lists thirteen generic deficiencies of counsel and six more particularized alleged deficiencies, namely, counsel failed to call eight witnesses on his behalf; counsel refused to talk to him by telephone; counsel failed to investigate his medical records, which would show that he was in a hospital for approximately three months, from July 1985 until October 1985, which would include the date of the alleged offense; counsel failed to subpoena his wife, complainant's mother; counsel failed to subpoena his psychiatric records; and counsel violated the code of professional responsibility.

The fact that a defendant enters a guilty plea with the hope of escaping a higher sentence does not invalidate the plea where the defendant receives a sentence higher than he had anticipated. *Galvan v. State,* 525 S.W.2d 24, 26 (Tex.Crim.App. 1975). To the extent appellant argues that trial counsel's alleged errors contributed to his conviction, they are overruled. Regarding appellant's punishment, appellant does not show how the alleged deficiencies contributed to his punishment and are unsupported by the record. Just the contrary, in certain instances the record contradicts appellant's allegations. Out of the presence of the jury, appellant admitted having many telephone conversations with trial counsel, admitted that counsel explained to him his right not to testify and that he (appellant) made the decision not to testify, and stated that he was in the hospital for three or four days but failed to specify when. "Mere assertions in a brief not supported by evidence in the record will not be considered on appeal." *Franklin v. State,* 693 S.W.2d 420, 431 (Tex.Crim.App.1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986). Appellant has not shown how counsel's representation fell below an objective standard of reasonableness. Appellant's contentions are overruled. The judgment is affirmed.