Anthony **LONG, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–00535–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 7, 1991.

Discretionary Review Refused (Appellant)
June 5, 1991.

Discretionary Review Refused (State)
June 5, 1991.

Kenneth P. Mingledorff, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Anthony Long, Jr., appeals his judgment of conviction for the offense of aggravated robbery. TEX. PENAL CODE ANN. § 29.03 (Vernon 1989). The jury rejected appellant's not guilty plea and, after finding the enhancement paragraph of the indictment to be true, assessed punishment at fifteen years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm the judgment as reformed.

In appellant's first point of error, he asserts the conviction should be reversed because the evidence is insufficient for a rational trier of fact to have believed beyond a reasonable doubt that appellant, and no other person, committed the offense charged.

On March 31, 1990, the complainant, Michael Tesfe, was working at a Stop 'N Go convenience store in Houston, Texas when he was robbed at gunpoint. Tesfe recognized the robber as a former customer. Tesfe immediately summoned the police, but the robber escaped. A few days later, on April 8, 1990, Tesfe spotted the robber walking outside his store, and he called the police. When the police officers arrived, they apprehended appellant, and Tesfe positively identified him as the person who had robbed him on March 31, 1990.

On June 20, 1990, at trial, Tesfe could only say that appellant looked "like" the robber, but he was unable to make a positive identification. However, when Tesfe was shown a photograph of appellant which had been taken on the day of his arrest, he stated that he was absolutely positive that the person pictured in the photograph was the same person who robbed him at gunpoint.

■ Appellant contends that the evidence is insufficient because Tesfe was unable to positively identify him in the courtroom. The correct standard for assessing the sufficiency of the evidence is to determine whether enough evidence was produced to convince a rational factfinder that every element of the offense was satisfied beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61

L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234 (Tex.Crim.App.1989). When the sufficiency of the evidence is challenged, the evidence is to be viewed in the light most favorable to the verdict. The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given their testimony. A jury is entitled to accept one version of the facts and reject another or reject any of a witness' testimony. *Vanderbilt v. State,* 629 S.W.2d 709, 715–16 (Tex.Crim.App.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982); *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App.1981).

■ Although Tesfe could not positively identify appellant in the courtroom, he positively identified his photograph in the courtroom, and the jury had the benefit of being able to compare the photograph with appellant's person. In addition, Officer Joe R. Williams testified that he took the aforementioned photograph and that appellant was the person pictured therein. We find that a rationale trier of fact could have found beyond a reasonable doubt that appellant, and no other person, committed this robbery. Appellant's first point of error is overruled.

■ Appellant contends, in his second point of error, that the trial court erred in refusing to grant a continuance when appellant's alibi witness, Larry Mayes, failed to return from lunch. It is well established that assertions made in a brief which are not supported by the record will not be considered on appeal. *Rice v. State,* 789 S.W.2d 604 (Tex.App.—Dallas 1990, no pet.); *Tooke v. State,* 642 S.W.2d 514, 518 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

In the instant case, the record reflects that appellant requested a thirty-minute continuance. The trial court continued the trial for 57 minutes. Appellant did not request another continuance.

The following excerpt from the record sums up the problem:

COURT: We will be in recess until five after 4:00 p.m.

(Short recess.)

COURT: Mr. McCullough, it is now 4:20 p.m., some 55 minutes after the witness Mayes said that he would appear in 30 minutes. Do we know where he is yet?

DEFENSE COUNSEL: I don't know whether it is on the record, but the bailiff, Mr. Bernard, called the number we have for him and got the same information. Somebody named C.J. said he had already left to come to the courthouse. I would ask for additional time to get him here to testify as aforesaid.

COURT: So the record is absolutely clear on this issue, this same witness, Mayes, was personally served some time ago to appear in the court this past Monday, which was the 18th of June. He did not appear. A continuance was moved for by the defense and granted. An attachment issued for Mr. Mayes so he would be here at the beginning of the trial. So, we have continued the case one time so Mr. Mayes could appear. Then he arrived, has been sworn in as a witness and has voluntarily absented himself from the courthouse. The court has waited now an additional period of time for him in order to see the defendant have a right to have his witnesses testify.

But I want the record to be clear, he was originally personally served, did not appear, continuance was granted, attachment issued and then he was brought in. After being sworn, placed under the rule, he has now absented himself from the courthouse. He said he would be here in half an hour and now it is about 57 minutes, or C.J. said, in his behalf, that he would be here.

Do you have any other evidence:

DEFENSE COUNSEL: We are trying to work that out right now, Judge. We are going to rest when the jury comes in.

It is noted that appellant did not request to have his alibi witness, Mayes, placed in custody after he was sworn in by the Court. In fact, after appellant asked the Court to swear in Mr. Mayes on June 19,

1990, appellant then requested that the witness, Mayes, not be made to remain in the courtroom. Further, appellant did not file a motion for new trial, and has not demonstrated, at a hearing on the same, that the testimony of Larry Mayes would have been helpful.

■ In order for a complaint concerning the exclusion of evidence to be considered by an appellate court, the record must show what the excluded testimony would have been. Absent a showing of what such testimony would have been, or an offer of a statement concerning what the excluded evidence would show, nothing is presented for review. The record before us contains no evidence of what the excluded testimony would have been much less what it would have shown. We are unable to review the merits of appellant's ground of error. *Stewart v. State*, 686 S.W.2d 118 (Tex.Crim.App.1984). Appellant's second point of error is overruled.

■ In appellant's third and fourth points of error, he asserts the trial court erred in ordering appellant to pay $2,040 for court-appointed attorney fees as a condition of parole because the trial court is without authority to set parole conditions and in ordering him to pay $2,040 for court-appointed attorney fees because there was no evidence in the record to support that amount.

Stamped on the court's judgment in this case is the following order:

> "Further it is the order of the Court that as a condition of the Defendant's parole that he is to make restitution to Harris County, Texas, for appointed attorney fees in the amount of $2,040. Payments are to be made through the Harris County Sheriff's Department."

This paragraph is stamped on the judgment below the judge's signature. Additionally, there is no evidence in the record to substantiate the value of the attorney's fees awarded. The record must contain evidence to support the amount of restitution. *Buehler v. State*, 709 S.W.2d 49, 52 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

Tex. Const. art. II, sec. 1, provides that the government of Texas is divided into three distinct departments, and that no department shall exercise the authority vested in another unless expressly permitted. The Court of Criminal Appeals has held that "the decision to grant parole, if and when made, is beyond the province of the [Judicial Department] ... and is exclusively a matter within the [Executive Department], under proper regulation by the [Legislative Department]." *Heredia v. State*, 528 S.W.2d 847, 853 n. 4 (Tex.Crim. App.1975).

Legislative regulation under Tex.Code Crim.Proc.Ann. art. 42.18 § 8(g)(1) (Vernon Supp.1988) provides:

> The Board may adopt such other reasonable rules as it may deem necessary with the respect to the eligibility of prisoners for parole and mandatory supervision ... or conditions to be imposed upon parolees and persons released to mandatory supervision.... The conditions shall include the making of restitution or reparation to the victim of the prisoner's crime, in an amount not greater than such restitution or reparation as established by the court and entered in the sentence of the court which sentenced the prisoner to his term of imprisonment, and shall require reasonable progress toward restitution or reparation. The Board may include as a condition of parole that the prisoner pay any fine, cost, or fee, including a fee paid to a county-paid public defender or appointed counsel ... that is imposed on the prisoner in the prisoner's sentence. [Emphasis added.]

Under the statute, only the Parole Board has the authority to condition appellant's parole. The trial court had no authority to place this condition on appellant's parole, and erred in doing so. *Gallegos v. State*, 754 S.W.2d 485, 489 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *Swope v. State*, 723 S.W.2d 216, 229–30 (Tex.App.—Austin 1986, no pet.).

Appellant's third and fourth points of error are sustained. The judgment is reformed to delete the following paragraph:

> Further it is the order of the Court that as a condition of the Defendant's parole

that he make restitution to Harris County Texas for appointed attorney fees in the amount of $2,040. Payments are to be made through the Harris County Sheriff's Department.

The District Court's judgment is affirmed as reformed.