CR2-090 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-090-CR




MICHAEL FLORENCE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 106,042, HONORABLE JON WISSER, JUDGE


 





PER CURIAM



 In a bench trial, Michael Florence was convicted of aggravated sexual assault of
a child and sentenced to 30 years in the Texas Department of Criminal Justice, Institutional
Division. Tex. Penal Code Ann. § 22.021 (1989). Appellant brings two points of error: (1) the
trial court erred by failing to inquire about the existence of any plea bargain agreement before
accepting the guilty plea; and (2) the judgment of conviction is void because the guilty plea was
not entered freely, knowingly, and voluntarily. We will overrule both points of error and affirm
the judgment of conviction.

 The key issue in both points of error is whether a plea bargain existed. Appellant
asserts that a "casual reader may succumb to the proposition that the Statement of Facts (the Plea)
in the trial court ostensibly reflects a 'no plea bargain' case." Appellant would have us assemble
a plea bargain from a number of "curiosities and peculiarities" in the record. This we decline
to do.

 Appellant contends that the proper standard to apply in determining whether a plea
bargain exists is subjective, based on the defendant's point of view. Wayne v. State, 756 S.W.2d
724 (Tex. Crim. App. 1988). Wayne, however, says that the subjective component, particularly
with regard to after-the-fact claims of plea negotiations, must be balanced with a close scrutiny
of all the circumstances. Id. at 733. The objective record must establish that the defendant's
actions were taken in the reasonable belief he was negotiating a plea agreement. Id.

 One of the circumstances on which appellant relies to show a plea bargain existed
is the State's waiver of all but the first paragraph of the indictment in this cause. Appellant argues
that the State could have bargained for dropping the rest of the indictment in return for a guilty
plea. The State, however, simply could have determined that the other paragraphs in the
indictment were unnecessary because it had indictments pending in two other cases against
appellant and was confident of a conviction. (1)

 Appellant also relies on the following exchange:



Q: Did anyone offer you anything in order to have you plead guilty to this
offense, other than the plea bargain we talked about? No, there is no plea
bargain. Did anyone offer you anything in order to have you plead guilty to
this offense?


A: No, sir. 



Appellant runs through a number of possibilities to explain the exchange, among them, a simple
"slip of the tongue." We lean toward that possibility, particularly in view of trial counsel for
appellant stating that "we have no plea bargain agreement."

 Appellant was cautioned several times that the full range of punishment, five to
ninety-nine years or life, was available to the judge. He never attempted to say he thought he had
an agreement with the State for a twenty-year sentence in exchange for a guilty plea. Both sides
stated that no plea bargain existed. We think it was not reasonable for appellant to think he had
a plea bargain, even if we assume, as appellant argues, ignorance of the legal process.

 In fact, what the record reveals is a defense strategy gone awry. Trial counsel's
argument at the sentencing hearing was that "some consideration should be made for the fact that
Mr. Florence has admitted his guilt . . . ." He argued that appellant "has admitted his wrong and
is pleading for the Court and the system to assist him in getting the attention he needs . . . ." He
then requested a twelve year sentence. In his motion for new trial, he again emphasized that
appellant had pleaded guilty and requested a sentence reduction based on that act. 

 In his first point of error, appellant complains that the trial court failed to comply
with Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (1989) because the court failed to ask appellant
if he was pleading guilty based on a plea bargain with the State. When there is no plea bargain
agreement, however, article 26.13(a)(2) does not apply. McCravy v. State, 642 S.W.2d 450, 461-62 (Tex. Crim. App. 1980) (opinion on motion for reh'g). If there is no plea bargain, then it
would be a useless act for the court to tell the defendant whether it would accept the plea bargain,
as required by article 26.13(a)(2). We overrule point of error one. 

 In his second point of error, appellant complains that the plea was not entered
freely, knowingly, and voluntarily because appellant thought he had a plea bargain for twenty
years. We have found, however, that no plea bargain existed and it was not reasonable for
defendant to believe one existed. That appellant may have pleaded guilty with the hope of getting
a lighter sentence does not invalidate the plea. (2) Galvan v. State, 525 S.W.2d 24, 26 (Tex. Crim.
App. 1975); Rice v. State, 789 S.W.2d 604, 607 (Tex. App. 1990, no pet.). We overrule point
of error two.

 Having overruled both points of error, we affirm the judgment of conviction.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: August 12, 1992

[Do Not Publish]
1. [1]  The pre-sentence investigation report (PSI) is not in our record. At the sentencing hearing,
the State recommended thirty years. The prosecutor referred to the PSI as showing a "history of
problems assaulting little girls." Defense counsel referred to prior misdemeanor convictions,
again apparently relying on the PSI. 
2. [2]  We note the judge's comment at the punishment hearing, on accepting the State's
recommendation of 30 years, that he thought a jury would give appellant the maximum amount
possible, so appellant's strategy may have been at least partially successful.