**Terry Garland CARROLL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–94–146 CR.**

Court of Appeals of Texas,
Beaumont.

Feb. 14, 1996.

Tom Moran, Houston, for appellant.

Michael Little, District Attorney, Liberty, Jerry E. Andress, Assistant District Attorney, Liberty, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

**OPINION**

BURGESS, Justice.

A jury convicted Terry Garland Carroll of robbery. The court assessed punishment at ten years' confinement in the Texas Department of Criminal Justice—Institutional Division and a $1,000 fine. The court placed Carroll on probation for the ten years and included, among other conditions, that Carroll serve six months and pay $1,500 in restitution to the victim. Carroll's sole complaint is the $1,500 restitution requirement.

■ Carroll argues the trial court abused its discretion in assessing the restitution, the evidence is legally and factually insufficient to sustain the restitution, the restitution order is not "just" and therefore violates his U.S. Constitutional right of due process under the Fourteenth Amendment, and deprives him of due course of law as guaranteed by TEX. CONST. art. I §§ 13, 19.

The facts of the underlying offense are not in question in this appeal. Carroll entered a convenience store and demanded the clerk give him money. The clerk testified Carroll threatened her with death or serious bodily injury, she was frightened and afraid and believed she might be killed or seriously injured. She did not provide testimony about any personal monetary loss, medical bills or other expenses related to the robbery. At the sentencing hearing, the court stated: "Now, as a condition of probation, however, I want you—you will pay the $1,000 fine, and I am going to order that you pay $1,500 restitution to [the victim] unless she requires more, for counseling or treatment or anything she might need." This was reduced to writing as condition (m) of the court's probation order and stated, in pertinent part: "[P]ay restitution in the amount of $1,500.00 for the use and benefit of [the victim]...."

■ TEX.CODE CRIM.PROC.ANN. art. 42.12, § 11(a) (Vernon 1979 & Supp.1993) allows a

court to order a defendant to make, as a condition of probation, "restitution or reparation in any sum that the court shall determine."[1] Whether to order any restitution is within the discretion of the trial court. *Cartwright v. State,* 605 S.W.2d 287, 289 (Tex. Crim.App.1980). Thus, the test for determining whether an order of restitution should be overturned is whether or not the trial court abused its discretion. *Wooley v. State,* 629 S.W.2d 867 (Tex.App.—Austin 1982, pet. ref'd).

■ The State recognizes there must be a factual basis in the record supporting the amount of restitution ordered, *Martin v. State,* 874 S.W.2d 674, 676 (Tex.Crim.App. 1994); *LaFleur v. State,* 848 S.W.2d 266, 270 (Tex.App.—Beaumont 1993, no pet.) but argues it is only a "sufficient evidence" test and does not impose a requirement of proof "by a preponderance of the evidence." The State, in refreshing candor, acknowledges there is no evidence that the victim suffered any "out of pocket" monetary loss. They assert the restitution is proper because the

victim's testimony as to the fear and terror she experienced during the robbery is sufficient evidence of extreme mental anguish and therefore the requirement of restitution is reasonable and just. There is, however, no authority that non-economic damages, i.e., mental anguish, disfigurement, loss of consortium, etc., should be included as restitution or reparation under article 42.12. We decline to so hold.

The court erred in requiring Carroll to pay $1,500 as restitution. The conditions of probation are reformed to delete that provision.[2] The judgment is, in all other respects, affirmed.

AFFIRMED AS REFORMED.

■

---

1. See Vernon Supplement 1996 for current article 42.12.

2. The court may, at any time during the period of community supervision, alter or modify the conditions. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 11(a) (Vernon Supp.1996). *See Bailey v. State,* 888 S.W.2d 600, 604 (Tex.App.—Beaumont 1994, no pet.).