Roy Lynn **CAMPBELL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–94–01085–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 27, 1997.

---

Terry W. Yates, Houston, for appellant.

Sandra J. Pomerantz, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

O'NEILL, Justice.

Appellant, Roy Lynn Campbell, Jr., pled no contest without an agreed recommendation to theft by deception of property valued at more than $20,000 but less than $100,000. TEX. PENAL CODE ANN. § 31.03(e)(5)(B).[1] The court assessed punishment at ten years confinement in the Texas Department of Criminal Justice, Institutional Division, and found that appellant, if paroled, should make restitution in the amount of $100,000. In four points of error, appellant contends: (1) the evidence was legally and factually insufficient to support a finding of guilt; (2) the restitution ordered by the trial court was

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. See Acts 1993, 73rd Leg., Ch. 900 § 1.01. Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

excessive and improper; and (3) the trial court erred in ordering the appellant to pay restitution as a condition of parole. We affirm the judgment of the trial court in part, and reverse and remand in part.

## Points of Error One and Two

▪ In his first two points of error, appellant contends the evidence was legally and factually insufficient to support his conviction because the State failed to prove he obtained the property in question without the effective consent of the owner. We find that appellant has failed to preserve error on these claims.

When an accused enters a plea and waives his right to trial by jury, the State must introduce evidence proving guilt to authorize a conviction. *See* TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.1997). In conducting a sufficiency review, an appellate court must review the entire record in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). In the present case, however, appellant waived his right to have a court reporter make a record of the proceedings. Consequently, there is no statement of facts from the plea hearing from which we might assess the sufficiency of the evidence. The burden is on the appellant to ensure that a sufficient record is presented on appeal to show error. TEX.R.APP. P. 50 (d).

Without a statement of facts from the plea hearing, we cannot determine whether the evidence included in the transcript constitutes all of the evidence presented to the trial court. For example, it is possible that at the plea hearing the appellant admitted committing the offense, or that other evidence of guilt was presented. "[W]ithout an agreed or complete statement of facts, an appellate court cannot consider the 'facts' of the case to determine whether or not sufficient evidence exists to support the conviction." *Greenwood v. State,* 823 S.W.2d 660, 661 (Tex.Crim.App.1992); *Montoya v. State,* 872 S.W.2d 24, 25 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (holding appellant's waiver of court reporter failed to preserve evidence

that would show his plea was not voluntary). By not presenting a complete record, appellant failed to meet his burden under Rule 50(d). *See Greenwood,* 823 S.W.2d at 661.

Points of error one and two are overruled.

## Point of Error Three

▪ In point of error three, appellant claims the amount of restitution awarded is outside the parameters of the offense. In determining whether the amount of restitution was excessive, we must look to the statute defining the offense for which appellant was convicted. Appellant was convicted of second degree theft, which involves theft of property valued at "$20,000 or more but *less than* $100,000." TEX. PENAL CODE § 31.03(e)(5)(B) (emphasis added). Appellant claims the trial court was without authority to order restitution in any amount greater than $99,999.99, and that by doing so the court apparently ordered restitution to other parties not named in the indictment.

▪ The decision to order restitution is within the discretion of the trial court. *Carroll v. State,* 915 S.W.2d 246, 247 (Tex.App.—Beaumont 1996, no pet.) (citing *Cartwright v. State,* 605 S.W.2d 287, 289 (Tex.Crim.App. 1980)). However, due process requires that there be some factual basis in the record for the amount of restitution ordered. *Martin v. State,* 874 S.W.2d 674, 676 (Tex.Crim.App. 1994); *Cartwright,* 605 S.W.2d at 289. In addition, the amount of restitution must be within the parameters of the verdict. *Green v. State,* 880 S.W.2d 797, 802 (Tex.App.—Houston [1st Dist.] 1994, no pet.) (citing *Heffner v. State,* 735 S.W.2d 608, 614 (Tex.App.—Dallas 1987, pet. ref'd)). Restitution cannot be ordered as a condition of probation for losses caused by an offense for which the defendant is not criminally responsible. *Martin,* 874 S.W.2d at 677 (citing *Gordon v. State,* 707 S.W.2d 626 (Tex.Crim.App.1986)).

Second degree theft, by definition, involves stolen property valued at less than $100,000. However, the trial court ordered restitution in an amount that fell within first degree theft, which occurs if "the value of the property stolen is $100,000 or more." TEX. PENAL CODE § 31.03(e)(6)(A). By ordering restitu-

tion in an amount that exceeded the parameters of the offense, the trial court abused its discretion under the statute. We therefore sustain appellant's third point of error. We must decide, however, whether to modify the judgment or remand the case for a determination of a just amount of restitution. In determining the proper course, we will address a concern raised by the appellant in point of error four.

Appellant claims the restitution order does not comply with TEX.CODE CRIM. PROC. ANN. art. 42.01 § 1(25), which provides that a judgment ordering restitution should state the amount of restitution, together with the victim's name and permanent mailing address at the time of the judgment.[2] The provision ordering restitution in the present case appears to be a standard form "stamped" at the bottom of the judgment as follows:

> The Court further finds ... that the Defendant, if paroled, should make restitution *and reparation to the victim of the crime* _____, in the amount of $100,000.

(emphasis added). The portion of the restitution provision emphasized above is crossed out, and no victim's name appears in the blank. Thus, the restitution order does not state to whom restitution is to be made as required by the statute. Accordingly, we must reverse the award of restitution, and remand this cause to the trial court for a determination of the amount(s) to be paid the victim(s) as required by Article 42.01 § 1(25).

■ We have already determined that the amount of restitution ordered exceeded the parameters of the offense. Although under the circumstances presented we are authorized to modify the amount of restitution to come within the parameters of the offense,[3]

we believe the better course is to reverse the order of restitution and remand the case for a hearing so the trial court may determine a just amount of restitution to be paid to each victim of the offense.

## . Point of Error Four

■ In his fourth point of error, appellant contends the trial court erred by ordering appellant to pay restitution as a condition of parole. It is true that the authority to set conditions for parole rests with the parole board, not the trial court. *Long v. State*, 807 S.W.2d 350, 353 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Buehler v. State*, 709 S.W.2d 49, 51–52 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). However, the court has the authority to establish an appropriate sum for restitution in the judgment, leaving it to the parole board to determine if such payment should be a condition of parole. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 15(g) (Vernon 1979), *deleted by Acts* 1993, Leg., ch. 900 § 4.01 *and subject matter recodified at* art. 42.18 § 8(g) (effective September 1, 1994). The judgment in the present case provided that appellant "if paroled" should make restitution. The court thus suggested that restitution be a condition of parole, but left the ultimate decision to the parole board.

Point of error number four is overruled.

That portion of the judgment requiring appellant to "make restitution in the amount of $100,000" is reversed and the case is remanded to the trial court to (1) determine a proper amount, within the parameters of the offense, to be awarded as restitution, and (2) identify the victim(s) to whom restitution is

---

2. If the court determines that it is not in the best interest of the victim to include the victim's name and address in the judgment, the court may include in the judgment the name and address of a person or agency that will accept and forward restitution payments to the victim. TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(25)(B)(Vernon Supp.1997).

3. If the record reflects á factual basis for the trial court's restitution order, the proper remedy is to modify the amount ordered by the trial court. *Garza v. State*, 841 S.W.2d 19, 23 (Tex.App.—Dallas 1992, no pet.) (citation omitted). Appellant claims there is no factual basis to support an

award of restitution in excess of $37, 374.50 because the victims retained the allegedly stolen vehicles, albeit without title, which had some value. Without a complete statement of facts, however, we are unable to review the sufficiency of the evidence to support the award. We note that the transcript does contain a "Restitution Chart and Payment Plan," filed by appellant, which provides that he will pay restitution in the amount of $109,288.88. Thus, there is a factual basis in the record to support the court's award of restitution, and modification of the amount would be a proper course.

to be made; in all other respects the judgment of the trial court is affirmed.