NO. 12-24-00101-CR
NO. 12-24-00102-CR
NO. 12-24-00103-CR

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

| | | |
|---|---|---|
| *SHELLY LYNN HUNTLEY,* *APPELLANT* | § | *APPEAL FROM THE 278TH* |
| *V.* | § | *JUDICICAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *LEON COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Shelly Lynn Huntley appeals her three convictions for manufacture of a controlled substance with intent to deliver.[1] In a single issue, Appellant contends the trial court failed to properly admonish her of the punishment range, which renders her guilty plea involuntary. We affirm.

## BACKGROUND

Appellant was charged in three separate indictments with manufacture of a controlled substance, methamphetamine, in an amount more than four grams but less than 200 grams, with intent to deliver. On January 24, 2024, Appellant entered an open plea of "guilty" to each of the three charges. The same day as the plea hearing, the State filed its notice of enhancement paragraphs to be submitted at punishment alleging Appellant had a prior felony conviction. The trial court held a sentencing hearing on March 27 at which it found Appellant "guilty" and

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

sentenced her to twenty years imprisonment on each charge to run concurrently. This appeal followed.

**ADMONISHMENT ON RANGE OF PUNISHMENT**

In her sole issue, Appellant argues that her plea was involuntary, alleging that the trial court failed to adequately admonish her in substantial compliance with Texas Code of Criminal Procedure Article 26.13. Specifically, Appellant maintains the trial court failed to admonish her concerning the enhanced range of punishment.

## Standard of Review and Applicable Law

A guilty plea shall not be accepted by the trial court unless it appears the plea is free and voluntary. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2023). If the trial court properly admonished the defendant before a guilty plea was entered, a prima facie showing has been made that the plea was both knowing and voluntary. *Martinez v. State,* 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). In pertinent part, Article 26.13 of the Texas Code of Criminal Procedure provides that "[i]n admonishing the defendant . . . substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX. CODE CRIM. PROC. ANN. art. 26.13(c).

Once substantial compliance has been shown, the burden shifts to the defendant to show (1) he pleaded guilty without understanding the consequences of his plea; and (2) he was misled or harmed by the admonishment of the court. *See id.*; *Martinez,* 981 S.W.2d at 197. When considering the voluntariness of a guilty plea, an appellate court must examine the entire record. *See Martinez,* 981 S.W.2d at 197. A plea is not rendered involuntary simply because a defendant received a greater punishment than he anticipated. *See Tovar–Torres v. State,* 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.); *Rice v. State,* 789 S.W.2d 604, 607 (Tex. App.—Dallas 1990, no pet.).

Manufacture of a controlled substance, namely methamphetamine, in an amount of more than four but less than 200 grams, with the intent to deliver is generally a first degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West Supp. 2023). A first degree felony is typically punishable by a term of imprisonment between five and ninety-nine years or life. TEX. PENAL CODE ANN. § 12.32(a) (West 2019). However, if it shown that a defendant has a previous

felony conviction, the punishment range is enhanced to a term of imprisonment between fifteen and ninety-nine years or life. *Id*. § 12.42(c)(1) (West 2019).

**Analysis**

At the plea hearing, the trial court admonished Appellant of the unenhanced range of punishment of five to ninety-nine years or life in prison. Appellant acknowledged that she understood the nature of the charge and the range of punishment at the plea hearing. The State filed its notice of an enhancement paragraph the same day as the plea hearing. The certificate of service states that it was filed at the bench; however, it is unclear whether it was filed prior to or following Appellant's plea.

At the sentencing hearing two months later, the following exchange occurred:

> Trial Court: So all of these are first degree felonies?
> State: Yes, Your Honor.
> Trial Court: Are they enhanced?
> State: Yes.
> Trial Court: Twice or once?
> State: Once.
> Trial Court: Does that make it fifteen to life?
> State: Yes, Your Honor.

The trial court then proceeded to conduct the sentencing hearing, including reviewing the presentence investigation report. At no time did Appellant attempt to withdraw her plea or claim the punishment range was a surprise to her. In fact, when questioned by her own counsel at the hearing Appellant testified that she understood the punishment range to be fifteen years to life in prison. At the conclusion of the hearing, Appellant requested deferred adjudication community supervision. Ultimately, the trial court sentenced her to twenty years imprisonment in each case.

The Texas Court of Criminal Appeals has held that a trial court substantially complies with Article 26.13 when the actual sentence given was within the applicable range of the erroneous admonishment. *Martinez*, 981 S.W.2d at 196. "When a record shows that the trial court delivered an incorrect admonishment regarding the range of punishment, and the actual sentence lies within both the actual and misstated maximum, substantial compliance is attained." *Id.* at 197; *see also, Villanueva v. State*, No. 12-11-00039-CR, 2012 WL 4951127, at *5 (Tex. App.—Tyler Oct. 17, 2012, no pet.) (mem. op., not designated for publication). As previously stated, the trial court incorrectly admonished Appellant on the unenhanced punishment range. Nevertheless, because Appellant's actual sentence of twenty years is within the range of both the

enhanced and unenhanced punishment ranges, the trial court substantially complied with Article 26.13. *See Martinez*, 981 S.W.2d at 197. For this reason, the burden shifted to Appellant to show she did not understand the consequences of her "guilty" plea and to show how she was harmed by the incorrect admonishment. *See id.*

In this context, "harm" means that the "appellant probably would not have pleaded guilty but for the failure to admonish." *Burnett v. State*, 88 S.W.3d 633, 638 n. 14 (Tex. Crim. App. 2002). "When there is insufficient admonition, whether by total failure to admonish or an admonition that is not in substantial compliance, the violation of Article 26.13 comes within the standard of Rule of Appellate Procedure 44.2(b): 'Any other [than constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.'" *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006) (quoting TEX. R. APP. P. 44.2(b)). We will not overturn the conviction unless, after examining the record as a whole, we conclude that the error may have had a "substantial influence" on the outcome of the proceeding. *Burnett*, 88 S.W.3d at 637.

Appellant stated at the punishment hearing that she understood her rights and pleaded "guilty" freely and voluntarily. Not until she received a longer sentence of imprisonment, instead of her requested deferred adjudication community supervision, did Appellant raise this issue. We cannot say, after reviewing the record, that Appellant would not have pleaded "guilty" had the trial court admonished her on the enhanced punishment range. *See id*. at 638 n.14. As such, and in light of the trial court's substantial compliance, we cannot conclude that the trial court's incorrect admonishment affected Appellant's substantial rights. *See Anderson*, 182 S.W.3d at 918. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered August 29, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2024**

**NO. 12-24-00101-CR**

**SHELLY LYNN HUNTLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 278th District Court

of Leon County, Texas (Tr.Ct.No. 23-0051CR)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2024**

**NO. 12-24-00102-CR**

**SHELLY LYNN HUNTLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 278th District Court

of Leon County, Texas (Tr.Ct.No. 23-0084CR)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2024**

**NO. 12-24-00103-CR**

**SHELLY LYNN HUNTLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 278th District Court
of Leon County, Texas (Tr.Ct.No. 23-0088CR)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*