**Christian Adrian TOVAR–TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–01245–CR.**

Court of Appeals of Texas, Dallas.

July 15, 1993.

Lawrence B. Mitchell and Roger F. Joyner, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before THOMAS, CHAPMAN and ROSENBERG, JJ.

## OPINION

PER CURIAM.

Christian Adrian Tovar–Torres appeals his conviction for unlawful delivery of cocaine over 400 grams. The trial court assessed punishment at twenty-five years' confinement and a $46,000 fine. Appellant claims that the trial court erred in accepting his guilty plea because it was not entered knowingly and voluntarily. We overrule his point and affirm the trial court's judgment.

Appellant entered an open plea of guilty. Before accepting appellant's plea, the trial court confirmed appellant's name, asked him if he understood the offense with which he was charged, and confirmed that he had signed a written waiver of jury form. The court then asked him if he understood that, upon a finding of guilt, the court could set his punishment between 15 and 99 years' confinement or life and a fine of up to $250,000; appellant replied that he understood the range of punishment. In addition, the court asked him if he understood that the court could defer adjudication of guilt and place him on probation; appellant responded that he understood. Appellant said that no one had forced him, threatened him, or done anything to him to make him plead guilty.

In addition to the oral admonitions given by the court, the court provided written admonishments, including:

6. If you receive deferred adjudication and later it is found that you have violated your probation you may then be found guilty and the Court can then set your punishment anywhere within the range provided by law.

The trial court signed these admonishments. Below the judge's signature is the following:

### ACKNOWLEDGEMENT

I have read the above and foregoing admonitions by the Court regarding my rights. I understand the admonitions, and I understand and am aware of the consequences of my plea. Furthermore, my lawyer has explained to me all of the admonitions given by the Court in this document.

Both appellant and his counsel signed the acknowledgements.

Article 26.13 of the Texas Code of Criminal Procedure provides in part:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of punishment attached to the offense;

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such an agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere;

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he can prosecute an appeal on any matter in the case except for those matters raised by written motion prior to trial;

(4) the fact that if the defendant is not a citizen of the United States of America, the plea of guilty or nolo contendere for the offense charged may result in depor-

tation, the exclusion from admission to this country, or the denial of naturalization under federal law.

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

(d) The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.

TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon Supp.1993). When the record shows that the trial court properly admonished the defendant, it presents a prima facie showing that the guilty plea was knowing and voluntary. *Soto v. State*, 837 S.W.2d 401, 405 (Tex. App.—Dallas 1992, no pet.). The burden then shifts to the defendant to establish that he did not understand the consequences of his plea. *Id.*

■ Appellant acknowledges that there is no mandatory duty for a trial judge to admonish a defendant about his eligibility for probation. *See Ex parte Williams*, 704 S.W.2d 773, 775 (Tex.Crim.App.1986). He contends, however, that once the trial court announced that deferred adjudication was possible, the trial court then had a duty to fully admonish him about the possible consequences of a probation violation while on deferred adjudication.

Section 5(a) of article 42.12 of the code of criminal procedure provides, in pertinent part:

Except as provided by Subsection (d) of this section, when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation. *The court shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of probation. ...*

TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5(a) (Vernon Supp.1993) (emphasis added); *Price v. State*, 846 S.W.2d 37, 39 (Tex.App.—Dallas 1992, pet. granted). However, the language of section 5(a) indicates a legislative intent that the information set forth in section 5(b) of article 42.12 be given to all defendants *who are granted deferred adjudication. Price v. State*, 846 S.W.2d at 40. There is nothing in section 5(a) which shows a legislative intent to place a duty on trial courts to provide the admonishments in all cases, regardless of the sentence assessed. We conclude that until the court decides to defer further proceedings and place a defendant on probation without entering an adjudication of guilt, the duty to inform a defendant of the possible consequences of a violation of probation while on deferred adjudication does not arise. The judge in the present cause provided more information to appellant than he had a statutory duty to do.

■ To the extent that appellant is actually arguing that his plea was involuntary because of the nature of the punishment assessed, we reject his claim. A plea is not rendered involuntary simply because a defendant received a greater punishment than he anticipated. *Rice v. State*, 789 S.W.2d 604, 607 (Tex.App.—Dallas 1990, no pet.). The record in this cause reflects that appellant was properly admonished on the range of punishment before entering his pleas. The fact that appellant did not assess every relevant factor entering into his decision does not render his plea involuntary. *Cf. Ex parte Evans*, 690 S.W.2d 274, 277 (Tex.Crim.App. 1985).

We conclude that appellant entered his plea knowingly and voluntarily. We overrule

appellant's point of error and affirm the judgment of the trial court.