Michael Gregory SALINAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–94–01089–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 7, 1996.

Discretionary Review Refused
June 19, 1996.

Kenneth P. Mingledorff, Houston, for Appellant.

John B. Holmes, Calvin Hartmann, Houston, for Appellee.

Before ANDELL, FARRIS[1] and TAFT, JJ.

---

1. The Honorable David F. Farris, former Justice, Court of Appeals, Second District of Texas at Fort Worth, participating by assignment.

## OPINION

TAFT, Justice.

Following a plea of guilty to the court on a charge of murder, appellant, Michael Gregory Salinas, was convicted and assessed a life sentence. In this appeal, appellant argues that his plea of guilty was not made voluntarily or knowingly because he was not admonished about the consequences of violating the terms of deferred adjudication when deferred adjudication was a punishment alternative. We affirm.

## Facts

Appellant waived trial by jury, but filed a motion for community supervision (even though regular community supervision was not a possible punishment alternative from the trial court). Following written and oral admonishments pursuant to TEX.CODE.CRIM. P.ANN. art. 26.13 (Vernon 1989), and without a plea bargain agreement, appellant entered a plea of guilty to murder and judicially confessed his guilt. After a pre-sentence investigation, the trial court found appellant guilty and assessed punishment at life in prison.

## Deferred Adjudication Admonishments

In three points of error, appellant argues that his guilty plea was involuntarily and unknowingly entered because the trial court failed to admonish him fully as to the consequences of violating the terms of deferred adjudication. Appellant contends that because it was possible for him to receive deferred adjudication, the question for review is "whether a trial court judge in a felony proceeding must admonish the defendant in accordance with TEX.CODE CRIM.PROC., ART. 42.12, SEC. 5(a) **prior to accepting a plea of guilty** if the defendant has requested community supervision ... in order for the acceptance of the plea to meet the statutory and constitutional requirement that a plea of guilty or nolo contendere be made both voluntarily and knowingly."

The exact issue was decided in *Tovar–Torres v. State*, 860 S.W.2d 176 (Tex.App.—Dallas 1993, no pet.):

> We conclude that until the court decides to defer further proceedings and place a defendant on probation without entering an adjudication of guilt, the duty to inform a defendant of the possible consequences of a violation of probation while on deferred adjudication does not arise.

*Id.* at 178. As pointed out in *Tovar–Torres*, the version of TEX.CODE CRIM.P.ANN. art. 42.12, § 5 in effect at the time provided in pertinent part:

> Except as provided by Subsection (d) of this section, when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation. The court shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of probation.

Act of May 29, 1989, 71st Leg., R.S., ch. 785, sec. 4.17, art. 42.12, § 5(a), 1989 Tex.Gen. Laws 3471, 3500 (former TEX.CODE CRIM. P.ANN. art. 42.12 § 5(a), since amended).[2]

Appellant claims that *Tovar–Torres* should not control because it relied upon *Price v. State*, 866 S.W.2d 606 (Tex.Crim.App.1993), which explicitly confines its analysis to misdemeanors. Nevertheless, part of the rationale of *Price* was:

> It is a perverse notion that a plea made voluntarily and knowingly somehow becomes "unintelligent" and thus "involuntary" because the judge failed to [dis]abuse a defendant of the idea that he would not be held accountable should he thereafter commit an offense against the laws of this State, that he could violate the law with impunity.

*Id.* at 612. We see nothing in *Price* that would preclude this part of its rationale from being extended logically to felonies.

---

**2.** The present statute has added language expressly providing that the admonishments be given *after* placing the defendant on community supervision under deferred adjudication. TEX. CODE CRIM.P.ANN. art. 42.12 section 5(a) (Vernon Supp.1996).

Furthermore, this Court has already applied the reasoning of *Price* to uphold the voluntariness of a guilty plea in a case in which the defendant had been given deferred adjudication, but had not been admonished of the consequences of violating the terms of probation. *See Brown v. State*, 896 S.W.2d 327, 331 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). Logically, a plea of guilty is not rendered involuntary for not giving such an admonishment when deferred adjudication was not granted.

Accordingly, we overrule appellant's three points of error and affirm the trial court's judgment.