

NUMBER 13-07-00396-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

JUSTIN LEIGH VENEGAS,                                                 Appellant,

v.

THE STATE OF TEXAS,                                                 Appellee.

On appeal from the 214th District Court
of Nueces County, Texas.

MEMORANDUM OPINION

Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez

Appellant, Justin Leigh Venegas, was indicted for entering a habitation without consent and attempting to commit or committing aggravated assault, a first-degree felony. *See* TEX. PENAL CODE ANN. §§ 30.02(a)(3), (d)(2) (Vernon 2003).  The indictment also contained an enhancement count, which, if given effect, would increase the minimum

punishment from five years to fifteen years. *See id.* § 12.42(c)(1) (Vernon Supp. 2009). Appellant waived trial by jury and pleaded guilty to the trial court without a plea bargain agreement. After considering the evidence, the trial court found appellant guilty of the lesser offense of burglary of a habitation with intent to commit assault, a second-degree felony. *See id.* §§ 30.02(a)(1), (c) (Vernon 2003). The trial court assessed appellant's punishment at ten years' confinement. On appeal, appellant presents four issues complaining of errors in the judgment, the admission of certain evidence, and the voluntariness of his plea.[1] We modify the judgment and affirm the judgment as modified.

## I. BACKGROUND[2]

Nancy Cunningham owned the burglarized house. She testified that appellant had been involved with her daughter, Sarah Pinkston, for approximately ten years and that appellant had assaulted and stalked her daughter throughout that ten-year relationship. Cunningham also testified that appellant broke her door on the night of the burglary.

---

[1]On June 20, 2007, appellant filed his notice of appeal. On November 1, 2007, after receiving numerous complaints from Venegas about his appointed appellate counsel, this Court abated the appeal and issued an order requesting that the trial court resolve the matter of appointed counsel rather than invite future litigation in the form of a post-conviction collateral attack. The trial court denied appellant's request for new counsel, and on February 12, 2008, his appointed counsel filed an *Anders* brief in support of his motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Appellant filed a pro se response on February 14, 2008, followed by numerous supplements, the last of which was filed on May 29, 2008. Concluding that an arguable ground for appeal existed, we abated the appeal on July 10, 2008, and remanded the case to the trial court for appointment of new counsel to present any ground that might support an appeal. *See Stafford v. State*, 823 S.W.2d 503, 511 (Tex. Crim. App. 1991) ("If grounds are deemed arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal."). The trial court appointed new appellate counsel on September 9, 2008. However, appellant's newly appointed counsel failed to file a brief and failed to respond to this Court's efforts to communicate with him. Therefore, we again abated the appeal on October 16, 2008, and requested that the trial court file findings and recommendations regarding appellant's representation. On May 15, 2009, because no trial court findings had been received and no brief had been filed, this Court ordered the trial court to remove that counsel and appoint yet another appellate counsel. The trial court did so, and on July 20, 2009, appellant's new counsel filed the brief now before this Court. The State's reply brief was filed on October 22, 2009.

[2]As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4.

2

Pinkston, appellant's ex-girlfriend and the mother of appellant's two children,[3] testified that, on the night of the burglary, she was watching a movie with her daughter and a friend when her front door came "tumbling down." Appellant jumped over the couch where her son was sleeping and assaulted Pinkston's friend. There was "blood everywhere."

Appellant addressed the trial court without being subjected to cross-examination. Regarding the offense, appellant testified to the following:

> Now, as far as the aggravated assault, that did not happen. As far as brass knuckles or rope, none of that took place. Him [sic] and I fought, and that's what happened. Now, yes, I did kick in the door. I was not peeking in the window. I called [Pinkston] on the phone, and I hung up, and I seen [sic] her peeking out the window. I seen [sic] a guy there, and I reacted. I was hurt.

## II. Defects in the Judgment

The original judgment was signed on June 6, 2007. A nunc pro tunc judgment was signed on November 20, 2008, removing a boilerplate deadly weapon finding. By his first issue, appellant contends that the nunc pro tunc judgment incorrectly describes the trial court's verdict as "Burglary of A Habitation With The Commission Of A Felony." The State concedes that appellant was convicted of the lesser offense of burglary of a habitation with intent to commit assault. Additionally, in his second issue, appellant contends that the recital in the judgment that reads "Plea to 1st Enhancement Paragraph: True" is incorrect. The State concedes that the judgment mistakenly recites that appellant pleaded true to the first enhancement paragraph. The State also states that it withdrew the enhancement allegation. We, therefore, conclude that the judgment should be modified to correct these defects. *See* Tex. R. App. P. 43.2(b). Appellant's first and second issues are sustained.

---

[3]Pinkston's daughter and son were five and eight years old, respectively, at the time of trial.

### III. Testimony Regarding Punishment

By his third issue, appellant claims that the trial court erred in permitting the victims to make recommendations concerning punishment. Specifically, appellant complains that the trial court erred in allowing testimony regarding appellant's suitability for probation.

### A. Complained-Of Testimony

When asked if she thought appellant would be a good candidate for probation, over defense counsel's objection that "there is no foundation for her experience on probation or what probation is, that makes a good candidate for probation," Cunningham answered, "No, I do not." After permitting the defense attorney to question Cunningham on voir dire and without ruling on defense counsel's objection, the trial court advised the prosecutor to continue his examination. Later, when asked, without objection, if she thought appellant should be "out in the free world," Cunningham again replied in the negative.

Pinkston described appellant as "[v]olatile, abusive, obsessive, [and] crazy." When asked if she thought appellant would respect the trial court's rules if he were placed on probation, Pinkston responded in the negative. There was no objection to this question.[4]

### B. Analysis

As set out above, appellant objected to the testimony provided by Cunningham regarding whether she thought he would be a good candidate for probation. This objection only challenged her qualifications for providing such testimony. Defense counsel was allowed to question Cunningham on voir dire, and the trial court made no ruling on

---

[4]We note that appellant also testified regarding his punishment. Acknowledging that he could go to prison for the rest of his life if he "messed up," appellant asked the trial court to place him on deferred adjudication community supervision for ten years.

counsel's objection. Similar testimony was later elicited from Cunningham and from Pinkston, without objection.

To preserve error when the trial court admits evidence,

> a party must make a proper objection and get a ruling on that objection. In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection. An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection.

*Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *see* TEX. R. APP. P. 33.1(a)(1)-(2). Because there was no ruling on appellant's objection and because similar evidence was admitted without objection, we conclude no error has been preserved for review.

Additionally, appellant's trial objection addressed the witness's qualifications to testify as to punishment. On appeal, appellant complains about the nature of the testimony—that the testimony was irrelevant or prejudicial and might have influenced the trial court's decision. Therefore, appellant's complaint on appeal does not comport with his objection at trial and, for that reason, has not been preserved for review. *See Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) (providing "[a]ppellant's global statements in his pretrial motion to suppress were not sufficiently specific to preserve the arguments he now makes on appeal"); *Denoso v. State*, 156 S.W.3d 166, 174 (Tex. App.–Corpus Christi 2005, pet. ref'd) (citing *Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim .App. 2003)); *see also* TEX. R. APP. P. 33.1(a)(1)(A).

Accordingly, we overrule appellant's third issue.

## IV. VOLUNTARINESS OF PLEA

By his fourth issue, appellant complains that his plea of guilty was not entered voluntarily. Appellant contends his guilty plea was involuntarily given because (1) it was

5

inconsistent with trial testimony, (2) there were inconsistencies in his plea papers, and (3) oral admonishments regarding probation were not given.[5]  We disagree.

## A.  Standard of Review

There is a presumption of regularity and truthfulness of the judgment and the underlying proceedings absent a showing to the contrary, and the burden is on appellant to overcome this presumption and to show the involuntariness of his plea of guilty.  *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986); *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd).  Appellant's burden is a heavy one.  *Dusenbery*, 915 S.W.2d at 949.  In determining the voluntariness of the plea, this Court considers the entire record.  *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975); *Dusenbery*, 915 S.W.2d at 949.

## B.  Guilty Plea Inconsistent With Trial Testimony

Appellant first asserts that because his judicial confession of guilt was inconsistent with his testimony at trial, his plea of guilty was involuntary.  Appellant signed and swore to a judicial confession and stipulation which tracked the language of the indictment charging appellant with entering a habitation without consent and attempting to commit or committing aggravated assault.  Appellant's judicial confession stated the following:  "I hereby agree and stipulate that the facts contained in this instrument and its attached exhibits, if any, are true and correct."  Offense reports and other statements relating to the

---

[5]Appellant also identifies the following alleged inconsistencies:  (1) appellant initialed a paragraph stating that he waived indictment and understood he was charged by a felony information when he had, in fact, been indicted; and (2) appellant initialed the statement that he did not understand the English language when the record clearly shows he understood and easily communicated in English.  Appellant does not discuss how these alleged inconsistencies demonstrate that he did not understand the elements of the offense or the consequences of his plea.  *See* TEX. R. APP. P. 38.1(i).  Thus, we will not address these alleged inconsistencies in our discussion of the voluntariness of appellant's plea.

6

case were attached to the judicial confession. At trial, however, appellant denied committing an aggravated assault.

The court of criminal appeals has held "that when a defendant has waived trial by jury and pleaded guilty, the trial court has no duty to conduct some special proceeding when evidence inconsistent with guilt is introduced." *Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004) (citing *Aldrich v. State*, 104 S.W.3d 890, 894 (Tex. Crim. App. 2003)). Under those circumstances, a trial court is to consider the evidence submitted and decide if a guilty-pleading defendant is guilty as he pleaded, guilty of a lesser included offense, or not guilty. *Aldrich*, 104 S.W.3d at 894. "Whether to undertake any additional inquiry into the voluntary and knowing nature of the plea was left 'solely within the province of the trial court.'" *Id.* (quoting *Moon v. State*, 572 S.W.2d 681, 687 (Tex. Crim. App. 1978) (Phillips, J., concurring)).

Considering the evidence before it, including appellant's testimony that he fought with Pinkston's friend but that the aggravated assault did not happen, the trial court found appellant not guilty of the first-degree felony for which he was indicted and pleaded guilty. Rather, the trial court found appellant guilty of the lesser-included offense of burglary of a habitation with the intent to commit assault, a second-degree felony. The trial court chose not to undertake any additional inquiry into the voluntary and knowing nature of appellant's guilty plea. *Aldrich*, 104 S.W.3d at 894.

Based on the record before us, we cannot conclude that the discrepancy between appellant's plea of guilty to the indicted offense and his trial testimony rendered his plea involuntary. Appellant has not overcome the presumption of regularity and truthfulness of

the judgment; he has not met his heavy burden to show the involuntariness of a plea of guilty on this basis. *Dusenberry*, 915 S.W.2d at 949.

### C. Inconsistencies in Appellant's Plea Papers

Appellant further asserts that inconsistencies in his plea papers demonstrate that he did not understand the consequences of his plea.[6] Appellant complains of the following: (1) an initialed paragraph which begins, "I have filed an application for community supervision (formerly known as probation)"; (2) a second initialed paragraph which reads, "I have requested that the Court defer further proceedings on my case without entering an adjudication of guilt and place me on community supervision"; and (3) a third initialed paragraph which sets out, "I have not filed an application for community supervision. I know and understand that if I am found guilty, I will be punished by imprisonment or confinement for a definite term and I may be fined."[7] All paragraphs relate to community supervision. Appellant argues that the inconsistency represented by these three initialed paragraphs shows that his plea was involuntary on its face. We disagree.

An irregularity in a written admonishment form does not, standing alone, render a defendant's plea of guilty involuntary. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon Supp. 2009) (providing that "substantial compliance . . . is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and

---

[6]In addition, appellant contends, without discussion or authority, that inconsistencies in his plea papers demonstrate that he did not understand the elements of the offense. In accordance with rule 38.1(i) of the Texas Rules of Appellate Procedure, however, we will only consider contentions that are supported by clear and concise arguments with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i).

[7]As part of his plea papers, appellant filed an application for community supervision requesting deferred adjudication.

that he was misled or harmed by the admonishment of the court"); *Morales v. State*, 872 S.W.2d 753, 754-55 (Tex. Crim. App. 1994) (explaining that the trial court need only substantially comply with article 26.13); *see also Lopez*, 25 S.W.3d at 928-29 (holding that the failure to initial an admonishment on the possibility of deportation did not make a plea involuntary).

In this case, written admonishments were given to appellant; written admonishments which appellant and trial counsel signed. *See Mallett v. State*, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001) (providing that when a defendant is admonished of his constitutional and statutory rights there is a prima facie showing that the guilty plea was knowing and voluntary and the burden shifts to appellant to show he did not fully understand the consequences of his plea); *Kirk v. State*, 949 S.W.2d 769, 771 (Tex. App.–Dallas 1997, pet. ref'd) (same); *see also* Tex. Code Crim. Proc. Ann. art. 26.13(a), (d) (Vernon Supp. 2009). The admonishments stated that appellant: (1) had time to talk to his lawyer and discuss all relevant facts and applicable law; (2) understood the trial court's written admonishments and explanation of his constitutional and statutory rights; (3) understood that the trial court was not required to place him on community supervision although he filed an application for community supervision; (4) knew the range of punishment applicable in this cause; and (5) was aware of the consequences of entering a plea of guilty. Appellant's signature on the written admonishments constituted his representation to the trial court that his plea was made freely and voluntarily. *See Mallett*, 65 S.W.3d at 64 (citing *Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986)).

Moreover, the written record brought forward by appellant provides no explanation for why he acknowledged filing an application for community supervision that requested that the trial court defer proceedings without entering an adjudication of guilt, when he also indicated that he had not filed an application for community supervision and if found guilty will be imprisoned or confined and maybe fined. Oral statements or testimony might have explained this inconsistency, but we find no such statements or testimony in the reporter's record. Appellant had the burden to present a record that showed error, but did not meet that burden. *See Lopez v. State*, 25 S.W.3d 926, 929 (Tex. App.–Houston [1st Dist.] 2000, no pet.).

Therefore, based on our review of the record, we cannot conclude that the inconsistencies in the plea papers regarding whether or not appellant applied for community supervision show that appellant's plea was not knowingly and voluntarily made. *See id*. The record before us indicates a voluntary plea, and thus, appellant has failed to defeat the presumption of regularity of the judgment and proceedings on this basis. *See Dusenberry*, 915 S.W.2d at 949.

**D. Oral Admonishments Challenged**

Finally, appellant complains, by his fourth issue, that because the trial court did not discuss the two types of probation and appellant's potential eligibility for either type in its oral admonishments, his plea was involuntary. However, while article 26.13 of the code of criminal procedure requires a trial court to admonish a defendant either orally or in writing as to the range of punishment as well as to other consequences of his plea, prior to accepting a plea of guilty, the "range of punishment" for article 26.13 purposes does not

10

include community supervision.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a); *Pena v. State*, 132 S.W.3d 663, 665 (Tex. App.–Corpus Christi 2004, no pet.).  "[T]here is no mandatory duty for the trial court to admonish a defendant regarding his eligibility for community supervision."  *Pena*, 132 S.W.3d at 665.  The trial court, therefore, was not required to discuss the types of probation and appellant's potential eligibility for either type.

Nevertheless, community supervision and deferred adjudication were explained in the trial court's written admonishments to appellant on his plea of guilty.  Further, although appellant may have wanted to be placed on probation without a finding of guilt, there is nothing in the record to support appellant's assertion that he entered his guilty plea only because he thought the trial court would place him on probation.  The fact that appellant may have desired such an outcome does not render the guilty plea involuntary.  *See Tovar-Torres v. State*, 860 S.W.2d 176, 178 (Tex. App.–Dallas 1993, no pet.) ("A plea is not rendered involuntary simply because a defendant received a greater punishment than he anticipated.").  Based on the record before us, nothing is presented to support appellant's allegations that his guilty plea was involuntary on this basis.

We conclude that appellant did not meet his heavy burden to show that he did not enter his plea knowingly and voluntarily.  *Dusenberry*, 915 S.W.2d at 949.  We overrule appellant's fourth issue.

## V. CONCLUSION

Accordingly, we modify the judgment to recite that appellant was convicted of the offense of burglary of a habitation with intent to commit assault, a second-degree felony,

11

and to remove the word "True" as appellant's plea to the first enhancement paragraph, and

we affirm the judgment as modified.


                                                                   NELDA V. RODRIGUEZ

_____Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 3rd
day of December, 2009.