**Opinion filed January 13, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00278-CR

_____

## JAMES BRYAN HANSON, Appellant

## V.

## STATE OF TEXAS, Appellee

---

### On Appeal from the 104th District Court

### Taylor County, Texas

### Trial Court Cause No. 16317B

---

### M E M O R A N D U M   O P I N I O N

The trial court convicted James Bryan Hanson upon his open plea of guilt of the offense of aggravated assault and sentenced him to confinement for twenty years. The judgment reflects that this is a first degree felony, but the indictment alleges a second degree felony. *See* TEX. PENAL CODE ANN. § 22.02(b) (Vernon Supp. 2010) (subject to exceptions not relevant here, aggravated assault is a second degree felony). We modify the judgment to reflect a second degree felony conviction but otherwise affirm.

## I. *Background Facts*

Hanson was charged with aggravated assault in two separate indictments. This appeal arises out of his indictment for assaulting Patricia Garza. The State was having difficulty locating Garza, so it offered Hanson a plea agreement: if he pleaded guilty to assaulting Garza, the State would dismiss the second indictment and would recommend a five-year sentence. Hanson accepted the offer, but before a sentencing hearing could be held, Garza was located. She opposed the plea agreement, and the State withdrew its offer except that it did dismiss the second indictment. The trial court admonished Hanson that, if he were found guilty of aggravated assault, he would be sentenced to a minimum of five years confinement and could be sentenced to a maximum of ninety-nine years or life in prison. Hanson entered an open plea of guilty, signed a stipulation of evidence, and signed and initialed a written plea admonishment. In the stipulation, Hanson admitted to intentionally and knowingly strangling Garza with a rope. The written admonishment advised Hanson that he could be imprisoned for no less than five years or for as long as life.

The trial court ordered a presentence investigation and, after receipt of that report, conducted a sentencing hearing. Garza testified and described the incident. She claimed that Hanson first tried to hang their puppy and then he choked her with a rope until she passed out. Hanson testified that he "went blank" and, therefore, did not remember much of the incident. Nonetheless, he was fairly certain that it did not happen the way Garza described, but he acknowledged that he must have done something bad because of the way she acted after the incident. Trial counsel requested a five-year sentence and explained the plea bargain discussions. The State confirmed that it had originally offered Hanson ten years, had dropped that to five years when they were unable to locate Garza, and had withdrawn this offer based upon Garza's wishes. The trial court sentenced Hanson to twenty years confinement.

Hanson filed a motion for new trial and alleged that his plea was not voluntary and knowing because he received ineffective assistance of counsel. Specifically, Hanson argued that he did not appreciate the consequences of his plea because he was led to believe that he would only receive a five-year sentence. The trial court conducted an evidentiary hearing and denied the motion.

## II. *Issue*

Hanson challenges his conviction with one issue, contending that the trial court erred by denying his motion for new trial. Although this issue is not specifically styled an ineffective

assistance of counsel claim, it is predicated entirely upon counsel's actions and the contention that Hanson pleaded guilty only because of his counsel's misrepresentations. To prevail, therefore, Hanson must establish that he received ineffective assistance of counsel.

### III. *Did Hanson Receive Ineffective Assistance of Counsel?*

#### A. *Standard of Review.*

We review the trial court's refusal to grant a new trial for an abuse of discretion. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). When the motion for new trial alleges ineffective assistance of counsel, we must determine whether the trial court's decision was clearly wrong and outside the zone of disagreement. *Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). We view the evidence in the light most favorable to the trial court's ruling and presume that all reasonable factual findings that could have been made against the losing party were made. *Charles*, 146 S.W.3d at 208.

To prevail on a claim of ineffective assistance of counsel, an appellant must establish that his lawyer's performance fell below an objective standard of reasonableness and that there is a reasonable probability the result of the proceeding would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 693-94 (1984); *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). The purpose of this two-pronged test is to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial cannot be said to have produced a reliable result. *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999).

The review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Hanson must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994); *Hayden v. State*, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd). When the record is silent on the motivations underlying counsel's tactical decisions, the appellant usually cannot overcome the strong presumption that counsel's conduct was reasonable. *Thompson*, 9 S.W.3d at 813. In order to defeat *Strickland's* presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged

3

ineffectiveness." *Id.* at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). We do not inquire into trial strategy unless no plausible basis exists for trial counsel's actions. *Johnson v. State*, 614 S.W.2d 148, 152 (Tex. Crim. App. 1981). When the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. *Jackson*, 877 S.W.2d at 771.

A record that shows that the trial court properly admonished a defendant creates a prima facie showing that the plea was made voluntarily and knowingly. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Upon this showing, the burden shifts to the defendant to show that the plea was involuntary. *Id.* A plea based upon advice of inadequate counsel is considered involuntary. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980).

### B. Trial Counsel's Advice.

Hanson's trial counsel testified at the motion for new trial hearing, and he described his plea bargain discussions with the State. After the victim voiced her opposition to a five-year sentence, he and the prosecuting attorney discussed what they would tell the trial court. The prosecutor told counsel that he would not object if counsel wanted to tell the court that a five-year offer had been made, that it was withdrawn at the victim's request, and that the State had no objection to a five-year sentence. Based upon this discussion, trial counsel advised Hanson to enter an open plea. He denied ever promising Hanson that he would receive a five-year sentence, and he told Hanson that the trial court was not bound by any prior plea offers and that it had the authority to consider the full range of punishment. But, he did suggest an open plea because he believed the court would be persuaded by the State's five-year offer. Trial counsel testified that Hanson was influenced by his advice to plead guilty and by his opinion that there was a good chance the trial court would sentence him to something close to five years and that, but for this advice, Hanson would have pleaded not guilty.

Hanson also testified. He understood that he would receive a five-year sentence if he entered an open plea. His trial counsel told him that the judge could enter a different sentence, but he also said that he did not think this was likely. Hanson claimed that, if he had known that he was going to receive more than a five-year sentence, he would have pleaded not guilty.

### C. Was Hanson's Plea Voluntary?

The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative choices of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). When the defendant is represented by counsel during

4

the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Ex parte Moody*, 991 S.W.2d 856, 857 (Tex. Crim. App. 1999). A plea is not rendered involuntary simply because a defendant received a greater punishment than he anticipated, *Tovar-Torres v. State*, 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.), or because the defendant did not correctly assess every relevant factor entering into his decision. *Talbott v. State*, 93 S.W.3d 521, 526 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Because the trial court admonished Hanson on the range of punishment before he entered his plea, Hanson has the burden of proof. *Martinez*, 981 S.W.2d at 197.

We appreciate trial counsel's consternation for not correctly predicting what sentence the trial court would impose, but Hanson has not shown that the trial court abused its discretion by finding that counsel's advice was within the range of competence demanded of attorneys in criminal cases. Because the State withdrew its plea offer, Hanson's choices were to enter an open plea of guilty or to go to trial. Hanson's testimony that he blanked out, coupled with his admission that he knew he had done something bad, effectively precluded a meaningful defense. Pleading guilty and showing contrition was, therefore, a reasonable trial strategy.

Predicting a sentencing decision is an inexact science at best. In this instance, it was not unreasonable for counsel to believe that the trial court would consider the State's five-year and ten-year plea offers as evidence of a reasonable punishment range, particularly considering the mitigating evidence he was prepared to offer. Hanson testified at the punishment hearing that he was diagnosed as "bipolar with paranoia schizophrenia." He was apparently off his medication at the time, and this resulted in mood and behavioral problems. Counsel also had evidence minimizing the impact this incident had on Garza. Hanson testified that they stayed together for six days after the incident and that the incident started with her coming at him with a knife. Hanson's sentence was clearly impacted by Garza's testimony because the trial court described this testimony as compelling, but Hanson offered no evidence that counsel could have predicted this in advance.

Hanson may not have fully appreciated his potential punishment, but he was repeatedly warned that he faced much more than the five years previously offered by the State. Trial counsel advised Hanson that there were no guarantees and that the trial court could consider the

full range of punishment.  The trial court admonished Hanson orally and in writing that he faced imprisonment for up to ninety-nine years or life.[1]  Because Hanson was indicted for a second degree felony, the trial court should have admonished him that his maximum sentence was twenty years, but the admonishment he received only bolsters the conclusion that Hanson was informed prior to pleading guilty that the trial court could, within its sole discretion, impose a much harsher punishment than five years confinement.  Hanson's issue is overruled.

IV. *Conclusion*

The judgment of the trial court is modified to reflect that Hanson was convicted of a second degree felony.  In all other respects, that judgment is affirmed.


RICK STRANGE

JUSTICE


January 13, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

---

[1] We note that at sentencing the trial court clarified that the offense was a second degree felony.