AFFIRM; and Opinion issued March 29, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01363-CR

## MARIO ALBERTO ALVARADO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 204th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F11-19053-Q**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Fillmore

Mario Alberto Alvarado waived a jury and pleaded guilty to felony DWI. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2012). The trial court assessed punishment at ten years' imprisonment. In two issues, Alvarado contends his guilty plea was involuntary. We affirm the trial court's judgment. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

In his first issue, Alvarado contends he entered a guilty plea only because he believed the trial court would grant him probation. Alvarado asserts that because he was remorseful about his actions at the time of the offense, and pointed out that he had consistent employment and took care of his family, the trial court should have granted him probation and treatment for his substance abuse problems.

When considering the voluntariness of a guilty plea, we must examine the entire record. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). If the trial court properly admonished a defendant before a guilty plea was entered, there is a prima facie showing the plea was both knowing and voluntary. *See id.*

The trial court properly admonished Alvarado both orally and in writing. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a), (c) (West Supp. 2012); *Kirk v. State*, 949 S.W.2d 769, 771 (Tex. App.—Dallas 1997, pet. ref'd). During the plea hearing, Alvarado testified he understood the punishment range for the offense in light of his two prior DWI convictions. Alvarado testified no one had promised him that the trial court would place him on probation or give him a certain amount of prison time. Alvarado testified he had a good job and was the sole support for his family. He asked the trial court to place him on probation. The trial court sentenced Alvarado to imprisonment instead.

The fact that Alvarado received greater punishment than he hoped for does not render his plea involuntary. *See Tovar-Torres v. State*, 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.). Nothing in the record supports his complaint that he pleaded guilty believing he would receive probation, and we conclude Alvarado has not shown his guilty plea was involuntary for that reason. We resolve Alvarado's first issue against him.

In his second issue, Alvarado contends his guilty plea was involuntary due to ineffective assistance of counsel. Alvarado argues that during closing argument, trial counsel did not refer to his specific testimony about changes he had made in his life and that he is the sole source of financial support for his family. Alvarado asserts there is a reasonable probability that but for counsel's error, the results of the proceeding would have been different.

To prevail on a claim of ineffective assistance of counsel, Alvarado must show that counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Alvarado has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffectiveness claim. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

An ineffective assistance claim must be "firmly founded in the record," and the record must affirmatively demonstrate the claim has merit. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 391, 392 (Tex. Crim. App. 2005); *see also Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App.), *cert denied*, 131 S. Ct. 3073 (2011) ("Allegations of ineffectiveness must be based on the record, and the presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct."). In most cases, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Direct appeal is usually an inadequate

-3-

vehicle for raising an ineffective assistance claim because the record is generally undeveloped. *Menefield*, 363 S.W.3d at 592–93. Counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Id.* at 593. "If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Goodspeed*, 187 S.W.3d at 392).

Trial counsel in this case did not have an opportunity to explain herself; therefore, we cannot determine from this record why she conducted Alvarado's defense the way she did. *See Menefield*, 363 S.W.3d at 593; *Goodspeed*, 187 S.W.3d at 392. Because there is no evidence in the record concerning trial counsel's actions, Alvarado has not overcome the strong presumption of reasonable assistance and has not established trial counsel's conduct was so outrageous that no competent attorney would have engaged in it. *See Rylander*, 101 S.W.3d at 110–11. Further, on this record, Alvarado has failed to establish he was prejudiced by the alleged error. The trial court heard Alvarado's testimony that he was the sole source of financial support for his family and had made changes in his life since being indicted for the offense. Nothing in the record supports Alvarado's position that had counsel restated this testimony during her closing argument, the trial court would have granted Alvarado probation and treatment rather than impose a ten-year sentence. We conclude Alvarado has not met his burden of proving by a preponderance of the evidence that counsel was ineffective. *See Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003) ("The record in this case is insufficient to support the conclusion [that appellant received ineffective assistance of counsel] because appellant did not develop a record in the trial court for the purpose of establishing this claim."); *Thompson*, 9 S.W.3d at 813. We resolve Alvarado's second issue against him.

-4-

We affirm the trial court's judgment.

_____
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121363F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARIO ALBERTO ALVARADO,
Appellant

No. 05-12-01363-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F11-19053-Q).
Opinion delivered by Justice Fillmore,
Justices Lang-Miers and Murphy
participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered March 29, 2013.

ROBERT M. FILLMORE
JUSTICE